Eastern District of Kentucky
**F I L E D**

SEP 1 3 2022

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:22-CR-37-S-DCR

UNITED STATES OF AMERICA            PLAINTIFF

V.          **PLEA AGREEMENT**

JESSICA HUNTER CRYNS            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Superseding Indictment, charging a violation of 18 U.S.C. § 1956(h), and Count 6 of the Superseding Indictment, charging a violation of 18 U.S.C. § 1956(a)(1).

2. The essential elements of Count 2, 18 U.S.C. § 1956(h), of the Superseding Indictment are:

    (a) The defendant and at least one other person entered into an agreement to lauder a monetary instrument;

    (b) The defendant knowingly and voluntarily joined the agreement or understanding; and,

    (c) A member of the conspiracy did one or more of the acts described in the Superseding Indictment for the purpose of advancing or helping the conspiracy to commit money laundering.

3. The essential elements of Count 6, 18 U.S.C. § 1956(a)(1), of the Superseding Indictment are:

1

    (a) The defendant conducted or attempted to conduct a financial transaction;

    (b) The defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

    (c) The property involved in the financial transaction did in fact involve the proceeds of specified unlawful activity; and,

    (d) The defendant intended to promote the carrying on of specified unlawful activity.

4. As to Counts 2 and 6 of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On March 9, 2022, law enforcement intercepted Jessica Cryns at the Lexington, Kentucky airport. Cryns intended to fly to Los Angeles, California

    (b) Law enforcement recovered $39,700 in U.S. currency from Cryns' luggage.

    (c) The currency represented proceeds from drug trafficking activity. Cryns intended to deliver the drug proceeds to another person. Additionally, Cryns knew that the currency represented proceeds from drug trafficking activities.

    (d) Cryns admits that she conspired with at least one of her co-Defendants listed in Count 2 of the Superseding Indictment to transport drug trafficking proceeds to Los Angeles, California.

    (e) All the above events occurred in the Eastern District of Kentucky.

5. The statutory punishment for Counts 2 and 6 is imprisonment for not more than 20 years or a fine of not more than $500,000 or twice the value of the property involved in the transaction (whichever is greater), or both, and at least 3 years of supervised release. A mandatory special assessment of $100 per count applies and the

Defendant will pay this $200 assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6.    Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 1B1.3, Defendant's relevant conduct includes the facts set out in the factual basis above and in the discovery materials provided to Defendant.

    (c)    Pursuant to U.S.S.G. § 2S1.1(a)(2), the base offense level for Counts 2 and 6 is 12.

    (d)    Pursuant to U.S.S.G. § 2S1.1(b)(1), the base offense level for Counts 2 and 6 is increased by 6 levels because the Defendant knew or believed that a portion of the laundered funds were the proceeds of, or were intended to promote an offense involving the importation or distribution of a controlled substance.

    (e)    Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), the base offense level for Counts 2 and 6 is increased by two levels because Defendant was convicted under 18 U.S.C. § 1956.

    (f)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7.    No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.  The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.  The Defendant will forfeit to the United States all interest in the U.S. currency, the Glock pistol, serial number BTWF458, and the Canuk pistol, serial number T6472-16AP09310 and ammunition as listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States could prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct. The Defendant waives any and all provisions of Rule 32.2 relating to the timing of the filing of forfeiture documents.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse,

nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit

reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 9/13/22     By: _____
                      David Kiebler
                      Assistant United States Attorney

Date: 4-13-22    _____
                  Jessica Hunter Cryns

6

Date: 9/13/22

Defendant

Benjamin Allen
Attorney for Defendant