Eastern District of Kentucky
**F I L E D**
SEP 15 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 5:22-CR-37-S-DCR**

UNITED STATES OF AMERICA                                            PLAINTIFF

V.                              **PLEA AGREEMENT**

JASON TODD SPARKS                                                   DEFENDANT

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 21 U.S.C. § 846, and Count 7 of the Superseding Indictment, charging a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At sentencing, the United States will move to dismiss the remaining count of the Superseding Indictment and the Indictment.

2.  The essential elements of Count 1, 21 U.S.C. § 846, of the Indictment are:

    (a) The defendant and at least one other person entered into an agreement to distribute fentanyl, a Schedule II controlled substance, under federal law;

    (b) The defendant knowingly and voluntarily joined the agreement or understanding; and,

    (c) The amount of fentanyl was 400 grams or more.

3.  The essential elements of Count 7, 21 U.S.C. § 841(a)(1), of the Indictment are:

    21 U.S.C. § 841(a)(1)

1

    (a)    The defendant knowingly possessed a controlled substance, fentanyl, a Schedule II controlled substance under federal law;

    (b)    The defendant intended to distribute fentanyl to another person; and,

    (c)    The amount of fentanyl was 400 grams or more.

18 U.S.C. § 2

    (a)    The crime of possession with intent to distribute fentanyl, a Schedule II controlled substance, was committed;

    (b)    The defendant helped or encouraged the crime to be committed; and,

    (c)    The defendant knew he intended to help or encourage the crime to be committed.

4.    As to Counts 1 and 7 of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a)    On March 16, 2022, law enforcement observed Jason Sparks enter a residence controlled by Marc Petitefrere. Sparks exited a short time later, carrying a box. Sparks placed the box in his vehicle and departed. Law enforcement stopped Sparks' vehicle and recovered approximately one kilogram of fentanyl from the box. Officers also found a Canuk pistol, in the glove compartment of Sparks' vehicle.

    (b)    Sparks now admits that he retrieved the box from Petitefrere and that he planned to deliver the box to another member of the drug trafficking organization. Sparks also admits that he knew that the narcotics inside the box would be subsequently distributed by members of the drug trafficking organization.

    (c)    Sparks further admits that he conspired with co-Defendants Mario Sanchez Barba and Alejandro Rodriguez to distribute more than 400 grams of fentanyl.

    (d)    All the above events occurred in the Eastern District of Kentucky.

5. The statutory punishment for Counts 1 and 7 is imprisonment for not less than 10 years and not more than life, a fine of not more than $10,000,000, and a term of supervised release of not less than 5 years. A mandatory special assessment of $100 per count applies and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, Defendant's relevant conduct includes the facts set out above in paragraph 4 and in the discovery materials provided to Defendant.

    (c) Pursuant to U.S.S.G. § 2D1.1(c), the base offense level for Counts 1 and 7 is 32. Pursuant to U.S.S.G. § 2D1.1(a)(5), the base offense level for Counts 1 and 7 is reduced by two levels.

    (d) Pursuant to U.S.S.G. § 2D1.1(b)(1), the base offense level is increased by 2 levels because Sparks possessed a firearm.

    (e) Pursuant to U.S.S.G. § 3B1.2(b), the base offense level is reduced by 2 levels because Sparks was a minor participant in the criminal activity.

    (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.   The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of imprisonment exceeds the advisory sentencing guideline range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.   The Defendant will forfeit to the United States all interest in the U.S. currency and the Canuk pistol, serial number T6472-16AP09310 and ammunition as listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States could prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct. The Defendant waives any and all provisions of Rule 32.2 relating to the timing of the filing of forfeiture documents

10.   The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement.  The Defendant will submit to an examination, which may be taken under oath and may include a polygraph

examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 9/15/22   By: _____
David Kiebler
Assistant United States Attorney

Date: 9-15-22   _____
Jason Sparks
Defendant

Date: 9/15/22   _____
Derek Gordon
Attorney for Defendant

6